United States District Court
Northern District of California

1
2
3
4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7     RONALD SHANKO,                              Case No.   14-cv-05543-JST

                   Plaintiffs,
8
            v.                                    **ORDER GRANTING MOTION TO
9                                                 DISMISS WITH LEAVE TO AMEND**

10    LAKE COUNTY AKA                             Re: ECF No. 5
      COUNTY OF LAKE, et al.,
11                 Defendants.

12          Plaintiff Ronald Shanko, proceeding pro se, has filed this Section 1983 action against

13    Defendants County of Lake ("the County"), Lake County Department of Community

14    Development Code Enforcement Division head Richard Coel, building inspectors Brandon

15    Holleran and Michael Locket in their official and private capacities, and DOES 1-20, who are

16    unidentified employees of the Lake County Department of Community Development ("DCD").

17    Defendants Lake County and Richard Coel now move to dismiss the complaint under of the

18    Federal Rule of Civil Procedure 12(b), arguing that this Court lacks subject matter jurisdiction and

19    that Plaintiff has failed to state a claim.[1]  For the reasons set forth below, the Court will dismiss

20    Plaintiff's complaint with leave to amend.

21    **I.      BACKGROUND**

22            **A.      Factual and Procedural Background**

23          Plaintiff obtained building permits approximately six years ago to begin the construction of

24    a small residential structure on his property on May Hollow Road in Lake County California.

25    Complaint, ECF No. 1 at ¶ 3.

26          On June 24, 2014, the Board of Supervisors held a hearing to discuss the building permits

27    _____

28    [1] Defendants Brandon Holleran and Michael Locket have filed a notice joining in the motion.
      ECF No. 29.

1   issued for Plaintiff's home.  Id. at ¶ 11.  At the hearing, the Board of Supervisors demanded that

2   Plaintiff file for new permits.  Id. at ¶ 4.  After Plaintiff did so, Code Enforcement officials told

3   him that his structure was deficient, citing recently-adopted building regulations.  Id.  Plaintiff

4   alleges that the Code Enforcement officials informed Plaintiff that he had 30 days to show

5   progress on bringing his structure into compliance with these regulations.  Id. at ¶ 11.  In response

6   to these demands, Plaintiff undertook additional construction activity on the existing structure.  Id.

7   ¶ 12.  The Board of Supervisors also told Plaintiff that he could not live in a temporary structure

8   while he worked on the project and that the County would bulldoze the temporary structure if

9   Plaintiff did not remove it himself.  Id. ¶ 14.  Twenty-nine days after the hearing, Defendant

10  Holleran came to inspect the structure and ordered Plaintiff to stop building even though Plaintiff

11  met the stated requirements imposed by the Board of Supervisors to "show progress."  Id. at ¶ 12.

12  Plaintiff alleges that, at an unspecified date, Defendants stated that they intended to bulldoze the

13  building on his property.  Id. at ¶ 4.

14          On December 19, 2014, Plaintiff filed a complaint based on the Defendants' actions,

15  bringing three 42 U.S.C. § 1983 claims and one tort claim against Defendants for: (1)

16  unreasonable seizure under the Fourth Amendment, (2) violation of the Just Compensation Clause

17  under the Fifth Amendment, (3) violation of the Due Process Clause and Equal Protection Clause

18  of the Fourteenth Amendment, and (4) intentional infliction of emotional distress.  ECF No. 1 at

19  20-28.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and

20  declaratory and injunctive relief.  Defendants filed their motion to dismiss for lack of service

21  pursuant to FRCP 12(b)(5), lack of subject matter jurisdiction under FRCP 12(b)(1), and failure to

22  state a claim under FRCP 12(b)(6).  ECF No. 5.  Although Shanko's response to the motion to

23  dismiss was due by January 26, 2015, the Court accepted a late-filed opposition that Shanko

24  submitted on February 17, 2015, ECF No. 21, in light of Shanko's pro se status.  ECF No. 23.

25  **II.     LEGAL STANDARD**

26          A pleading must contain a "short and plain statement of the claim showing that the pleader

27  is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion to dismiss under Federal Rule of Civil

28  Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint.  Navarro v. Block,

*United States District Court*
*Northern District of California*

250 F.3d 729, 732 (9th Cir. 2001).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  When dismissing a complaint, a court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment.  Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).

"[P]ro se pleadings are liberally construed, particularly where civil rights claims are involved."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  "[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively."  Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.1992).

## III.   ANALYSIS

Defendants allege that Plaintiff's claims are not ripe.  Ripeness is a question of timing designed to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements."  Thomas v. Anchorage Equal Rights Com'n, 220 F.3d 1134, 1138 (9th Cir. 1999) (citing Gardner, 387 U.S. at 148).  The Constitution mandates that prior to a federal court's exercise of jurisdiction, there must exist a "case or controversy" that presents the issues as "definite and concrete, not hypothetical or abstract."  Id. at 1139.  In assuring that this jurisdictional prerequisite is satisfied, the Court considers whether the plaintiffs face "a realistic danger of sustaining a direct injury as a result of the [government's] operation or enforcement," or whether the alleged injury is too "imaginary" or "speculative" to support jurisdiction.  Id.  As the party invoking federal jurisdiction, a plaintiff bears the burden of establishing these elements.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  Each element must be supported in the same way as any other matter on which the plaintiff bears the

United States District Court
Northern District of California

3

1    burden of proof with the manner and degree of evidence required at the successive stages of the

2    litigation.  Id.

3          **A.      Plaintiff's Fourth Amendment Claims**

4          Plaintiff alleges that Defendants' command that he remove his temporary housing is an

5    unreasonable seizure within the meaning of the Fourth Amendment.  ECF No. 1 at 20-23.  The

6    Fourth Amendment provides that the "right of the people to be secure in their persons, houses,

7    papers, and effects, against unreasonable searches and seizures, shall not be violated..."  United

8    States v. Jacobsen, 466 U.S. 109, 113 (1984).  A "seizure" of property occurs when there is some

9    meaningful interference with an individual's possessory interests in that property.  Id.

10          Plaintiff has not provided sufficient factual allegations regarding the current state of his

11   property to establish that claims for damages are now ripe for adjudication.  The complaint

12   requests the Court to "enter judgment" in Plaintiff's favor, award him "compensation for the

13   private property that is in the process of being confiscated," and award punitive damages against

14   the defendants for "engaging in acts of oppression, fraud and malice."  ECF No. 1 at 29-31.  But

15   Plaintiff has not alleged that Defendants have taken any action to destroy or bulldoze any of his

16   property.  Plaintiff claims only that Defendants' "intend[ed] to have [his] building bulldozed" and

17   have "sought immediate destruction of [his] private property."  ECF No. 1 at 4, 16.   Plaintiff's

18   claim that Defendants intend or have threatened to bulldoze his building is insufficient to show

19   that he has suffered any seizure or interference with his possessory interest in the property.

20   Therefore, Plaintiff has failed to establish that his Fourth Amendment claim for damages is ripe.

21          While the complaint does not clearly state whether plaintiff is also seeking declaratory or

22   injunctive relief from the Court under the Fourth Amendment, Plaintiff asks the Court to grant him

23   a permanent court order of "cease and desist."  ECF No.1 at ¶ 60.[2]  Courts are generally unwilling

24   to provide injunctive or declaratory relief where "[t]he asserted threat is wholly contingent upon

25   the occurrence of unforeseeable events."  Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d

26

27   ───────────────
     [2] The Court also notes that Plaintiff's opposition to Defendants' motion to dismiss notes that
28   Plaintiff is "primarily seeking injunctive relief in this matter and do[es] not anticipate that the
     subject property will be demolished while this civil action is pending. . ."  ECF No. 22 at ¶ 37.

United States District Court
Northern District of California

1    1134, 1141 (9th Cir. 2000).

2         Plaintiff alleges that employees of Lake County were directed "to refuse to allow [Shanko]

3    to continue the building of [his] house, under existing building permits, and then to order private

4    contractors to bulldoze the partially built structure." ECF No. 1 at ¶ 3.  Plaintiff has pled that the

5    Board of Supervisors gave Plaintiff 30 days from a meeting in June of 2014 to "show progress" on

6    the construction of his home, but that Defendant Holleran inspected the structure after 29 days and

7    issued a "Red Tag," ordering Plaintiff to stop building the structure.  Id. at ¶ 12.  Plaintiff states "it

8    appears that the visit by [Defendant Holleran] was intended to terminate the building permits

9    regardless of what progress I made on the structure."  Id. at ¶ 12.  But, aside from the allegation

10   that Defendant Holleran ordered Plaintiff to stop building sometime in July of 2014, id., Plaintiff

11   has not pled any facts indicating that Defendants subsequently made a final decision to take action

12   to destroy Plaintiff's property.  Plaintiff likewise has not alleged that Defendants in any way

13   attempted to finalize or enforce a decision that he could not continue building on his property in

14   the over six months following Defendant Halloran's visit.

15        Therefore, Plaintiff's Fourth Amendment claim is dismissed.  If Plaintiff wishes to pursue

16   injunctive or declaratory relief, he must request such relief clearly in an amended complaint and

17   provide factual detail indicating that, absent Court intervention, the destruction of his property by

18   Defendants is imminent or that, after Defendant Holleran's visit to Plaintiff's property last July,

19   Defendants have taken action to prevent him from further building on his property. [3]  If Plaintiff

20   intends to seek damages for a seizure under the Fourth Amendment, he must plead facts indicating

21   that Defendants have already seized his property.

22                    **B.    Plaintiff's Fifth Amendment Claim**

23        Similarly, Plaintiff has not shown that his claim under the Fifth Amendment is ripe.  For a

24   takings claim to be ripe, a Plaintiff "must demonstrate (1) that the government entity charged with

25   implementing the regulations has reached a final decision regarding the application of the

26   _____

27   [3] The Court notes that Defendants state in a recent case management statement that, "In its final
     notice, the COUNTY indicated that it would be abating the nuisance on the property which would
28   include demolition of the structure and removal of the travel trailer and miscellaneous debris."
     ECF No. 33, at 2 (capitalization in original).

United States District Court
Northern District of California

5

1   [challenged] regulations to the property at issue, and (2) that she sought compensation through the

2   procedures the State has provided." <u>Adam Bros. Farming v. Cnty. of Santa Barbara</u>, 604 F.3d

3   1142, 1147 (9th Cir. 2010).  Although Plaintiff has pled that certain County employees "refuse to

4   allow [him] to continue the building of [his] house, under existing building permits," ECF No. 1 at

5   3, Plaintiff has not alleged that the County has reached a final and authoritative decision regarding

6   the application of County ordinances to his property.  Plaintiff alleges that the Board of

7   Supervisors gave him 30 days bring his construction activity in compliance with building codes

8   and that Defendant Holleran, after inspecting his property, issued him a "Red Tag" and ordered

9   him to stop building.  ECF. No. 1 at 4.  It is unclear from the complaint whether Defendant

10   Holleran's issuance of a "Red Tag" constitutes a final determination by the County regarding

11   Plaintiff's property.[4]

12        Moreover, Plaintiff has not alleged that he has sought compensation for the alleged taking.

13   Assuming Plaintiff has shown a final decision as to development on his property, Plaintiff must

14   still satisfy the second component of the claim by showing that the proffered compensation is not

15   "just." <u>Kinzli v. City of Santa Cruz</u>, 818 F.2d 1449, 1454 (9th Cir.) <u>amended,</u> 830 F.2d 968 (9th

16   Cir. 1987); <u>see</u> <u>Del Monte Dunes at Monterey, Ltd. v. City of Monterey</u>, 920 F.2d 1496, 1506 (9th

17   Cir. 1990) ("until a landowner has been denied just compensation by the state, no constitutional

18   violation occurs") (quoting <u>Williamson County Regional Planning Com'n v. Hamilton Bank of</u>

19   <u>Johnson City</u>, 473 U.S. 172, 194 (9th Cir. 1985)).  To make this showing, a plaintiff landowner

20   must seek and be denied compensation through state procedures, provided these procedures are

21   adequate. <u>Austin v. City and County of Honolulu</u>, 840 F.2d 678, 680 (9th Cir. 1988) (citing

22   <u>Hamilton Bank</u>, 473 U.S. at 195).  A plaintiff who seeks to sue in federal court before seeking

23   compensation from the state must prove that state remedies are inadequate. <u>Id.</u>  Plaintiff has not

24   carried his burden of showing he attempted to obtain just compensation from the County or that

25   such compensation was unavailable to him.

26        For the above reasons, Plaintiff's taking claim is not ripe for judicial review and is

27   dismissed.  If Plaintiff wishes to pursue a claim under the Fifth Amendment, he must allege a final

28   ―――――――――――――
[4] See footnote 3, <u>supra</u>.

United States District Court
Northern District of California

6

United States District Court
Northern District of California

1   and authoritative governmental decision constituting a taking of his property and that he has

2   unsuccessfully sought compensation from the government for this taking.

3            **C.        Plaintiff's Equal Protection and Due Process Claims**

4            Defendants also allege Plaintiff has failed to state a cause of action against them for

5   violations of due process and equal protection under the Fourteenth Amendment.  ECF No. 5 at

6   12-14.  Although Defendants do not raise the issue of ripeness on these claims, the Court

7   considers potential defects in its subject matter jurisdiction *sua sponte*.  See Southern Pacific

8   Transp. Co. v. City of Los Angeles, 922 F.2d 498, 502 (9th Cir. 1990) ("Ripeness . . . is

9   determinative of jurisdiction.  If a claim is unripe, federal courts lack subject matter jurisdiction

10  and the complaint must be dismissed.  The deficiency may be raised sua sponte if not raised by the

11  parties.").  Constitutional challenges to municipal land use decisions are not considered by federal

12  courts until the posture of the challenges make them "ripe" for federal adjudication.  Id.  The

13  Ninth Circuit has applied the same ripeness standard to equal protection and due process claims.

14  Herrington v. County of Sonoma, 857 F.2d 567, 569 (9th Cir. 1988) (applying the ripeness

15  standard to a procedural due process claim that relates to the process by which the government

16  entity would reach its final determination).

17           As discussed above, Plaintiff has not provided sufficient facts in the complaint for the

18  Court to conclude that the Defendants have made any final determination as to whether Plaintiff

19  may continue building the structure on his property.  Thus, Plaintiff's due process and equal

20  protection claims are also not ripe for adjudication and must be dismissed.  See Kinzli, 818 F.2d at

21  1455-56 (finding plaintiff's equal protection and due process claims not ripe for consideration by

22  the district court until planning authorities and states review entities have made a final

23  determination on the status of their property); see also Hamilton Bank, 473 U.S. at 199 (finding

24  plaintiff's taking claim premature without a final decision, even if viewed as a question of due

25  process.)

26  **D.      Plaintiff's Intentional Infliction of Emotional Distress Claim**

27           Because the Court lacks jurisdiction over plaintiff's constitutional claims, the Court

28  declines to exercise supplemental jurisdiction over plaintiff's related state law tort claim and,

7

1   accordingly, dismisses them.  See 28 U.S.C. § 1367(c)(3) ("The district court may decline to

2   exercise supplemental jurisdiction over a claim if ... the district court has dismissed all claims over

3   which it has original jurisdiction.").

4   **IV.    CONCLUSION**

5          Defendants' motion to dismiss Plaintiffs' complaint is granted with leave to amend.

6   Plaintiff may file an amended complaint within 45 days of the date this Order is filed.

7          Plaintiff is advised that there is helpful information for *pro se* litigants at

8   http://cand.uscourts.gov/proselitigants, including the Northern District's *Representing Yourself in*

9   *Federal Court: A Handbook for Pro Se Litigants.* The handbook is also available free of charge at

10  the Clerk's Office.

11         Plaintiff is also encouraged to seek the assistance of the free Legal Help Center operated

12  by the Bar Association of San Francisco.  The Legal Help Center has locations at 450 Golden Gate

13  Avenue, 15th Floor, Room 2796, San Francisco, California and at 1301 Clay Street, 4th Floor,

14  Room 470S, Oakland, California.  Assistance is provided by appointment only.  A litigant may

15  schedule an appointment by signing up in the appointment book located on the table outside the

16  door of the Center or by calling the Legal Help Center appointment line at 415-782-8982.

17         IT IS SO ORDERED.

18  Dated:  March 31, 2015

19  _____

20                          JON S. TIGAR
                       United States District Judge

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

8