UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD SHANKO,<br><br>    Plaintiff,<br><br>    v.<br><br>LAKE COUNTY, et al.,<br><br>    Defendants. | Case No.  14-cv-05543-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: ECF No. 41 |

Plaintiff Ronald Shanko, proceeding pro se, has filed this Section 1983 action against Defendants County of Lake ("the County"), Lake County Department of Community Development Code Enforcement Division head Richard Coel, and building inspectors Brandon Holleran and Michael Lockett in their official and private capacities.  Defendants now move to dismiss the complaint under of the Federal Rule of Civil Procedure 12(b), arguing that this Court lacks subject matter jurisdiction and that Plaintiff has failed to state a claim.  For the reasons set forth below, the Court will grant the motion in part and deny it in part.

I. BACKGROUND

    A. **Factual and Procedural Background**[1]

Plaintiff obtained building permits approximately six years ago to begin the construction of a small residential structure on his property on May Hollow Road in Lake County California. First Amended Complaint, ECF No. 39 at ¶ 5.

On June 24, 2014, the Board of Supervisors held a hearing to discuss the building permits issued for Plaintiff's home. Id. at ¶ 15. At the hearing, Defendant Coel gave false information to the Board of Supervisors by telling them that Plaintiff had built an unapproved "shack" on the

---

[1] For the purposes of this order, the Court accepts as true all of the well-pled factual allegations contained in Plaintiff's First Amended Complaint ("FAC").

1    property.  Id.  Although "the building inspectors approved the construction of the alleged 'shack'

2    at every phase of construction," the Board of Supervisors refused to renew the building permits

3    and threatened to demolish the structure.  Id.  The Board of Supervisors demanded that Plaintiff

4    file for new permits and comply with the additional requirement of including a sprinkler system in

5    the structure.  Id. at ¶ 6.  The Board of Supervisors informed Plaintiff that he had thirty days to

6    show progress on bringing his structure into compliance with recently-adopted regulations.  Id.  at

7    ¶ 15.

8         Additionally, the Board of Supervisors told Plaintiff that he could not live in a temporary

9    trailer structure while he worked on the project and that the County would bulldoze the temporary

10   structure if Plaintiff did not remove it himself.  Id. at ¶ 18.  Plaintiff alleges that he has been

11   "singled out" by Defendants, who have given other homeowners lengthy periods to complete the

12   construction of their homes and have permitted other individuals to live in their temporary housing

13   during the construction.  Id. at ¶¶ 17, 46.

14        In response to the County's demands, Plaintiff undertook additional construction activity

15   on the existing structure.  Id.  at ¶ 16.  Twenty-nine days after the hearing, Defendant Holleran

16   came to inspect the structure and ordered Plaintiff to stop building even though Plaintiff had met

17   the stated requirements imposed by the Board of Supervisors to "show progress."  Id.  Defendant

18   Holleran did not enter Plaintiff's property, but left a "Red Tag Stop Work Order" on the front gate.

19   Declaration of Ronald Shanko Regarding Brandon Holleran's Inspection of the House Under

20   Construction at 15320 May Hollow Road on July 22, 2014, ECF No. 39 at 53, ¶ 2.  On November

21   18, 2014, Defendants gave him a final notification that they were going forward with the

22   abatement and that they intended to bulldoze the building on his property.  ECF No. 39 at 58.

23        On December 19, 2014, Plaintiff filed a complaint based on the Defendants' actions,

24   bringing three claims under 42 U.S.C. § 1983 alleging (1) unreasonable seizure under the Fourth

25   Amendment, (2) violation of the Just Compensation Clause under the Fifth Amendment, (3)

26   violation of the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment.

27   Plaintiff also brought a tort claim alleging Defendants have intentionally inflicted emotional

28   distress.  ECF No. 1 at 20-28.

The Court granted Defendants' motion to dismiss with leave to amend on April 1, 2015, concluding that Plaintiff had not pled sufficient facts to demonstrate that his claims were ripe. ECF No. 35 at 4-7. Subsequently, on April 8, 2015, Plaintiff submitted the first amended complaint ("FAC"), seeking damages, as well as declaratory and injunctive relief. ECF No. 39 at ¶¶ 27, 31. Defendants filed a motion to dismiss the FAC for lack of subject matter jurisdiction under FRCP 12(b)(1) and for failure to state a claim under FRCP 12(b)(6). ECF No. 41 at 1.

**B.      Jurisdiction**

As Plaintiff's cause of action arises under the United States Constitution, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

**II.     LEGAL STANDARD**

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. When dismissing a complaint, a court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).

"In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). "[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.1992).

## III. ANALYSIS

### A. Plaintiff's Fourth Amendment Claims

Plaintiff alleges that Defendants' administrative decree that his partially constructed residence must be destroyed is unreasonable seizure within the meaning of the Fourth Amendment. ECF No. 39 at ¶ 19. The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . ." United States v. Jacobsen, 466 U.S. 109, 113 (1984). A "seizure" of property occurs when there is some meaningful interference with an individual's possessory interests in that property. Id.

As the Court noted in its prior order, ripeness is a question of timing designed to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Thomas v. Anchorage Equal Rights Com'n, 220 F.3d 1134, 1138 (9th Cir. 1999) (internal citations omitted). The Constitution mandates that, prior to a federal court's exercise of jurisdiction, there must exist a "case or controversy" that presents the issues as "definite and concrete, not hypothetical or abstract." Id. at 1139. As the party invoking federal jurisdiction, a plaintiff bears the burden of establishing these elements. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

Plaintiff's factual allegations regarding the current state of his property indicate that any claims for damages are not yet ripe for adjudication. Plaintiff states that Defendants "have not given [] notice and opportunity to make corrections on the subject building, choosing instead to demolish the partially constructed building in violation of the Fourth Amendment." ECF No. 39 at ¶ 40. Nonetheless, Plaintiff acknowledges that the County has not yet seized or destroyed his property. Id. at ¶ 4 (stating that "[i]f this lawsuit is dismissed, the building will be destroyed."). As the destruction has not yet occurred, any Fourth Amendment claim for damages premised upon an unlawful seizure is not yet ripe.[2]

---

[2] Plaintiff also appears to allege that Defendants' order that he remove his trailer from his property violates his Fourth Amendment rights. ECF No. 39 at ¶ 19. However, Plaintiff indicates that he himself "gave up" the unpermitted mobile home. Id. at ¶ 46. Nowhere in the complaint does Plaintiff allege that Defendants seized the trailer. Therefore, any Fourth Amendment claim

To the extent Plaintiff seeks injunctive relief pursuant to the Fourth Amendment, the Court concludes that such a claim also would not be ripe. The Court's prior order noted that it was unclear whether Plaintiff's original complaint sought "declaratory or injunctive relief" pursuant to the Fourth Amendment. ECF No. 35. at 5. The Court instructed Plaintiff that if he "wishe[d] to pursue injunctive or declaratory relief, he must request such relief clearly in an amended complaint and provide factual detail indicating that, absent Court intervention, the destruction of his property by Defendants is imminent or that, after Defendant Holleran's visit to Plaintiff's property last July, Defendants have taken action to prevent him from further building on his property." Id.

Although Plaintiff has now made such allegations, the Court concludes that claims under the Fourth Amendment arising from the abatement of a purported nuisance cannot be ripe prior to the abatement, as the question of whether a search or seizure was permissible under the Fourth Amendment necessarily depends on how the search or seizure was executed. See Tennessee v. Garner, 471 U.S. 1, 7-8 (1985) (reasonableness of a seizure "depends on not only when a seizure is made, but also how it is carried out"). Because the property has not yet been demolished, the Court cannot discern whether the County's seizure will be performed in a constitutional manner. For instance, under Ninth Circuit precedent, "the warrant requirement of the fourth amendment applies to entries onto private land to search for and abate suspected nuisances." Conner v. City of Santa Ana, 897 F.2d 1487, 1490 (9th Cir. 1990).[3] But the Court cannot assess now whether the County will comply with the warrant requirement before abating the alleged nuisance, because the County has not yet abated the nuisance. Plaintiff cannot plead facts about whether the steps the County will take from now until the moment it abates the nuisance will satisfy the constitutional requirements for such a seizure. For this reason, Plaintiff's complaint lists contingencies that could *potentially* lead to an unlawful destruction of his property under the Fourth Amendment.

---

relating to Plaintiff's trailer is also not ripe as no seizure has occurred.

[3] Plaintiff does not appear to allege that his property was unlawfully searched in violation of the Fourth Amendment. The "Declaration of Wendy Woodward Regarding Brandon Holleran's Inspection of the House Under Construction at 1532 May Hollow Road on July 22, 2014," states that Defendant Holleran came to "the front gate" of the property but did not enter the property. ECF No. 39 at 49-50.

5

1  See e.g., ECF No. 39 at ¶ 19 ("This administrative decree issued by the Board of Supervisors, if it

2  in fact leads to the destruction of my partially constructed home, and it is not accompanied by a

3  warrant, support by oath or affirmation[,] will be a violation of the Warrant Clause of the Fourth

4  Amendment . . ."). Plaintiff's own use of conditional language makes clear that the asserted

5  threat– that Defendants will destroy Plaintiff's property unlawfully without a warrant– "is wholly

6  contingent upon the occurrence of unforeseeable events." Thomas, 220 F.3d at 1141.

7      Although Plaintiff alleges that the County summarily demolished the home of another

8  individual named Joan Fontaine, Plaintiff does not have standing to bring a Fourth Amendment

9  claim for the County's destruction of someone else's home. Plaintiff alleges that "[i]t should be

10  obvious in the wake of the destruction of the Joan Fontaine House and her storage building in the

11  last 30 days, that the demolition of the Shanko house is an absolute certainty." ECF No. 39 at ¶ 4.

12  Again, the Court cannot speculate regarding the steps the County will take before undertaking the

13  abatement, and thus cannot know whether such an abatement would constitute a Fourth

14  Amendment violation if it were to occur.

15      For these reasons, the Court concludes that any amendment of the Fourth Amendment

16  claim prior to the abatement of the property in question would be futile. Therefore, Plaintiff's

17  Fourth Amendment claim is dismissed with prejudice.

18      **B.    Plaintiff's Fifth Amendment Claim**

19      Similarly, Plaintiff has failed to allege facts demonstrating that his claim under the Fifth

20  Amendment is ripe. As this Court stated in its prior order, for a takings claim to be ripe, a Plaintiff

21  "must demonstrate (1) that the government entity charged with implementing the regulations has

22  reached a final decision regarding the application of the [challenged] regulations to the property at

23  issue, and (2) that she sought compensation through the procedures the State has provided."

24  Adam Bros. Farming v. Cnty. of Santa Barbara, 604 F.3d 1142, 1147 (9th Cir. 2010).

25      Although the Court previously concluded that "Plaintiff ha[d] not alleged that the County

26  has reached a final and authoritative decision regarding the application of County ordinances to his

27  property," ECF No. 35 at 6, Plaintiff's amended complaint alleges sufficient facts to indicate that

28  Defendants have reached a final decision as to the development on his property. Specifically,

Plaintiff has provided the Court with a letter from the County's Community Development Department that purports to serve as his "final notification that the Community Development Department is moving forward with abatement" of his property.  ECF No. 39 at 58.  This is sufficient support for Plaintiff's allegation that the County has reached a final decision regarding the application of the challenged regulations to his property.

Nonetheless, Plaintiff still has not alleged that he has sought compensation for the alleged taking.  Therefore, Plaintiff has failed to satisfy the second component of the claim by showing that the proffered compensation is not "just."  See Del Monte Dunes at Monterey, Ltd. v. City of Monterey, 920 F.2d 1496, 1506 (9th Cir. 1990) ("until a landowner has been denied just compensation by the state, no constitutional violation occurs") (quoting Williamson County Regional Planning Com'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 194 (9th Cir. 1985)).  To make this showing, a plaintiff landowner must seek and be denied compensation through state procedures, provided these procedures are adequate.  Austin v. City and County of Honolulu, 840 F.2d 678, 680 (9th Cir. 1988) (citing Williamson, 473 U.S. at 195).  A plaintiff who seeks to sue in federal court before seeking compensation from the state bears the burden of proving that state remedies are inadequate.  Id.

Plaintiff has not alleged that he attempted to obtain just compensation from the state or that such compensation was unavailable and inadequate to him.  Therefore, the Court will dismiss Plaintiff's Fifth Amendment claim because it is not ripe for judicial review.  The Court will grant Plaintiff leave to amend this claim, if he so wishes, one final time, to include facts regarding whether he has sought compensation for the alleged taking.

**C.  Plaintiff's Equal Protection Claim**

Defendants next argue that Plaintiff has failed to state a claim for violations of equal protection under the Fourteenth Amendment.  ECF No. 41 at 17.  The Court's prior order found that Plaintiff had not established that this claim was ripe.  ECF No. 35 at 7.  Plaintiff now alleges that, because other homeowners were given lengthy periods of time to complete the construction of their home and were allowed to live in a trailer or other temporary living quarters during the construction, the County has violated his right to equal protection under the Fourteenth

1   Amendment. ECF No. 39 at ¶¶ 17, 46. Because Plaintiff has pled that Defendants reached a final
2   decision regarding the status of the trailer on his property, the Court finds that this claim is ripe.
3         The purpose of the Fourteenth Amendment is to protect individuals from arbitrary and
4   intentional discrimination. <u>Vill. of Willowbrook v. Olech</u>, 528 U.S. 562, 564-65 (2000). Plaintiff
5   has not alleged membership in a protected class. Nonetheless, a successful equal protection claim
6   can be brought by a "class of one" when a plaintiff "alleges that she has been intentionally treated
7   differently from others similarly situated and that there is no rational basis for the difference in
8   treatment." <u>Id.</u> However, such claims must show that the plaintiff was discriminated against
9   intentionally, rather than accidentally or randomly. <u>N. Pacifica LLC v. City of Pacifica</u>, 526 F.3d
10  478, 486 (9th Cir. 2008).
11        Plaintiff has alleged sufficient facts to demonstrate an equal protection claim. Plaintiff
12  claims that he has been "singled out" because other homeowners were given lengthy periods of
13  time to complete the construction of their home and were allowed to live in a trailer or other
14  temporary living quarters during the construction. ECF No. 39 at ¶¶ 17, 46. Plaintiff alleges that
15  such decisions constitute an arbitrary and capricious policy and "do not serve any legitimate health
16  and safety concerns for the public." <u>Id.</u> at ¶¶ 45, 49. Plaintiff states that he should "be accorded
17  the same property rights as others who are similarly situated." <u>Id.</u> at ¶ 17. These facts sufficiently
18  allege that Defendants have intentionally treated Plaintiff differently than others who are similarly
19  situated without any rational basis.
20        Defendants argue that Plaintiff cannot state a class of one claim because he has pled "that
21  others have been treated as he has, thereby negating any class of one characterization of the
22  actions against him in the present Complaint." ECF No 41 at 17. But Defendants take Plaintiff's
23  statements out of context. Plaintiff's equal protection claim is premised upon the County's refusal
24  to allow him to live in a temporary trailer on his property. ECF No. 39 at ¶¶ 17-18. Plaintiff's
25  statements that Defendants have violated the rights of other homeowners are made in the context
26  of Plaintiff's claims relating to the threatened demolition of the structure he is building on his
27  property. <u>Id.</u> at ¶¶ 3-4. Plaintiff's amended complaint consistently alleges that he has been
28  "singled out" by the County regarding whether he could live in a mobile home on his property.

1   Defendants argue that Plaintiff has failed to allege sufficient facts to establish municipal liability
2   under Monell v Department of Social Services 436 US 658 (1978), and its progeny. ECF No. 41
3   at 12. Defendants contend that Plaintiff has failed to allege facts indicating that the "constitutional
4   injury was caused by employees acting pursuant to an official policy or longstanding practice or
5   custom, or that the injury was caused or ratified by an individual with final policy-making
6   authority." Id. But Plaintiff has pled that he was "told by the Board of Supervisors" that he could
7   not live in the structure and that other homeowners were permitted to live in similar structures.
8   ECF No. 39 at ¶ 18. Therefore, Plaintiff's amended complaint plausibly alleges that the Board of
9   Supervisors possesses final policy-making authority for the County regarding zoning and land use
10  decisions.
11      Defendants are correct, however, that Plaintiff's equal protection claims against the
12  individual Defendants fail because Plaintiff has not alleged sufficient facts regarding their
13  involvement in denying him the ability to reside in a temporary trailer on his property. Plaintiff
14  does not state any actions the individual Defendants took regarding the trailer, but states that he
15  was "told by the Board of Supervisors" that he could not live in the structure. Id. The Court will
16  allow Plaintiff one final opportunity to amend his equal protection claim against the individual
17  Defendants, if he wishes to do so.
18      The Court will therefore deny Defendants' motion to dismiss Plaintiff's equal protection
19  claim against the County but grant the motion to dismiss the claim against the individual
20  Defendants without prejudice.
21      **D.   Plaintiff's Procedural and Substantive Due Process Claims[4]**
22      Defendants assert that Plaintiff has failed to state a cause of action against them for
23  violations of due process. ECF No. 41 at 15-17. The Court's prior order found that Plaintiff had
24  not established that this claim was ripe. ECF No. 35 at 7. Plaintiff has now provided a letter from

---

[4] Although Plaintiff does not specify whether he seeks to bring a procedural or substantive due process claim, in light of Plaintiff's pro se status, the Court will analyze the viability of both legal theories on the facts alleged. See Fontana v. Haskin, 262 F.3d 871, 876-77 (9th Cir. 2001) (Under the liberal pleading standard applied in evaluating pro se complaints, "[s]pecific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief.")

9

the County's Community Development Department that purports to serve as his "final notification that the Community Development Department is moving forward with abatement" of his property. ECF No. 39 at 58.  Therefore, the Court concludes that Plaintiff's due process claim is ripe.

### i. Procedural Due Process

Turning to the merits, for a plaintiff to prevail on a 42 U.S.C. § 1983 claim based on a violation of procedural due process, he must establish: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of that interest by the government; and (3) the lack of process.  Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir.1993).  Constitutional due process requires that the government give a party adequate notice and opportunity to be heard before that party is deprived of a property interest.  Mathews v. Eldridge, 424 U.S. 319, 333.

Plaintiff's complaint states a claim for violation of procedural due process.  Plaintiff has alleged a property interest in the structure built on his property pursuant to building permits obtained "approximately six years ago."  ECF No. 39 at ¶ 5.  Plaintiff has also alleged that the government has threatened to deprive him of that property interest by indicating that they intend to demolish the structure.  Plaintiff has pled facts plausibly alleging that he has not been given adequate process because he has alleged that the tribunal that reached the decision was not impartial.  "A biased proceeding is not a procedurally adequate one. At a minimum, Due Process requires a hearing before an impartial tribunal."  Clements v. Airport Auth. of Washoe Cnty., 69 F.3d 321, 333 (9th Cir. 1995).

Plaintiff's complaint provides more than the type of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which are insufficient to survive a motion to dismiss.  Iqbal, 556 U.S. at 678 (2009).  Plaintiff has pled specific facts that, if accepted as true, support his contention that the Board of Supervisors did not act impartially when reaching a decision as to his property.  Plaintiff alleges that he was told at an administrative hearing on June 24, 2014 that he had an additional thirty days to show progress on the construction of his property, although he had already received approval for the structure.  ECF No. 39 at ¶¶ 6, 15.  Plaintiff states that Defendant Holleran came to inspect the property 29 days later but did not in fact enter the property and inspect the structure.  Although "[Plaintiff] met the stated requirements that were

imposed [] by the Board of Supervisors to 'show progress,'" Defendant Holleran nonetheless attached a "red tag" to Plaintiff's fence and ordered him to stop building. Id. at ¶ 16; Declaration of Ronald Shanko Regarding Brandon Holleran's Inspection of the House Under Construction at 15320 May Hollow Road on July 22, 2014, ECF No. 39 at 53, ¶ 2. Plaintiff alleges that Defendant Holleran's failure to inspect the premises demonstrates that the Board of Supervisors and the County's Community Development Department were acting in bad faith and "intended to terminate the building permits regardless of what progress [Plaintiff] made on the structure." Id.

The Court finds Plaintiff's allegations plausibly state a claim that the Board of Supervisors were not impartial, thereby depriving Plaintiff of his procedural due process rights. Plaintiff has also stated a claim against Defendant Holleran by alleging that he intended to terminate the building permits regardless of the progress made by Plaintiff. The Court will, however, dismiss Plaintiff's procedural due process claims against individual Defendants Coel and Lockett, as Plaintiff has not made any allegations regarding their involvement in the wrongful denial of his permits by a tribunal that was not impartial. The Court will allow Plaintiff one final opportunity to amend his procedural due process claim against the individual Defendants, if he wishes to do so.

### ii. Substantive Due Process

Plaintiff has also stated a claim that the County's decision violates his substantive due process rights under the Fourteenth Amendment. ECF No. 39 at ¶ 12. A regulation that is "so arbitrary or irrational" that it serves no legitimate governmental purpose may violate a substantive due process right. Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 542 (2005). Allegations that land use actions lack any "substantial relation to the public health, safety, or general welfare" can state a substantive due process claim. N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 484 (9th Cir. 2008). The Ninth Circuit has held that the refusal to issue a building permit after an individual has satisfied all the requirements made on the permit can state a claim for arbitrary and capricious government action which deprives a plaintiff of his substantive due process rights. See Bateson v. Geisse, 857 F.2d 1300, 1303 (9th Cir. 1988); see also Del Monte Dunes at Monterey, Ltd. v. City of Monterey, 920 F.2d 1496, 1508 (9th Cir. 1990) (reversing District Court's grant of summary

judgment to defendants where "[plaintiffs'] allegations, supported by affidavits, are that the city council had given approval to the 190–unit project, with 15 conditions that [plaintiffs] substantially met and that the City's professional planning staff agreed they had substantially met; yet the same members of the city council abruptly changed course and rejected the plan, giving only broad conclusory reasons.")

Plaintiff argues that Defendants have imposed arbitrary requirements on him, such as the imposition of unreasonable timetables and unnecessary changes in building materials. ECF No. 39 at ¶ 3. Plaintiff claims that such decisions "[do] not serve any legitimate health and safety concerns for the public." Id. at ¶ 49. Furthermore, Plaintiff alleges that Defendants ordered him to stop building "even though [he] met the stated requirements that were imposed [] by the Board of Supervisors to 'show progress'" within the time frame the Board had provided to him. Id. at ¶ 16. Plaintiff's allegations that the County terminated his building permits in an arbitrary or irrational manner suffice to state a claim for a violation of substantive due process.

Because Plaintiff's complaint does not provide detail regarding the individual Defendants' role in the decision to revoke Plaintiff's building permit, the Court will grant the motion to dismiss the claims against them. The Court will permit Plaintiff a final opportunity to include factual allegations regarding the individual Defendants' alleged violation of his substantive due process rights.

### E. Plaintiff's Intentional Infliction of Emotional Distress Claim

Finally, Defendants move to dismiss Plaintiff's intentional infliction of emotional distress claim. To state a claim for intentional infliction of emotional distress, a plaintiff must show: "(1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." George v. Sonoma County Sheriff's Dep't, No. C-08-02675 EDL, 2009 WL 656299, *6 (N.D. Cal. Mar. 12, 2009) (citing Trerice v. Blue Cross of Cal., 209 Cal.App.3d 878, 883 (1989); Davidson v. City of Westminster, 32 Cal.3d 197, 209 (1982)).

The Court will dismiss Plaintiff's intentional infliction of emotional distress claim because

the Defendants are entitled to absolute immunity. Under California Government Code Section 821.6, "a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Similarly, under California Government Code Section 818.4, "[a] public entity is not liable for an injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization where the public entity or an employee of the public entity is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked." Even accepting Plaintiff's allegations that Defendants acted maliciously and in abuse of their positions of authority, Defendants actions were nonetheless taken in connection with a code enforcement proceeding and therefore Defendants are absolutely immune from state law claims under Section 821.6. See Delizio v. Plumas Cnty., No. C038030, 2002 WL 570925, at *1 (Cal. Ct. App. Apr. 17, 2002) (Defendant "conducting an investigation in anticipation of the institution or prosecution of a judicial proceeding for a Building Code violation" entitled to absolute immunity under Section 821.6).

Under California law, Plaintiff cannot state a claim against any of the Defendants for intentional infliction of emotional distress in connection with their decisions relating to the County's enforcement of its building code or permitting process. Therefore, the Court will dismiss Plaintiff's intentional infliction of emotional distress claim with prejudice, as amendment would be futile.

**IV.   CONCLUSION**

The Court will dismiss with prejudice Plaintiff' Fourth Amendment and intentional infliction of emotional distress claims against all of the Defendants. The Court will dismiss without prejudice Plaintiff's Fifth Amendment claim against all Defendants. The Court will dismiss without prejudice Plaintiff's equal protection and substantive due process claims as to the individual Defendants. The Court will dismiss without prejudice Plaintiff's procedural due process claim against individual Defendants Coel and Lockett, but will deny the motion to dismiss as to Defendant Halloran. The Court will also deny Defendants' motion to dismiss Plaintiff's

13

1 equal protection, procedural due process, and substantive due process claims against the County.

2 If Plaintiff wishes to file an amended complaint in response to this order, he must do so no
3 later than 28 days from the date of this order.

4 IT IS SO ORDERED.

5 Dated: July 27, 2015

```
                                     _____
                                            JON S. TIGAR
                                     United States District Judge
```