United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD SHANKO,<br>        Plaintiff,<br><br>    v.<br><br>LAKE COUNTY, et al.,<br>        Defendants. | Case No. 14-cv-05543-JST<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS WITH PREJUDICE**<br><br>Re: ECF No. 50 |

Plaintiff Ronald Shanko, proceeding pro se, filed this section 1983 action against Defendants County of Lake ("the County"), Lake County Department of Community Development Code Enforcement Division head Richard Coel, and building inspectors Brandon Holleran and Michael Lockett in their official and private capacities. On April 8, 2015, Plaintiff filed his First Amended Complaint ("FAC"). ECF No. 39. Defendants filed a motion to dismiss the FAC, ECF No. 41, which motion the Court granted in part and denied in part. ECF No. 50. Specifically, the Court (1) dismissed with prejudice Plaintiff's Fourth Amendment and intentional infliction of emotional distress claims against all Defendants; (2) dismissed without prejudice Plaintiff's Fifth Amendment claim against all Defendants; (3) dismissed without prejudice Plaintiff's equal protection and substantive due process claims against the individual defendants; (4) dismissed without prejudice Plaintiff's procedural due process claim against Defendants Cole and Locket; (5) denied the motion to dismiss Plaintiff's procedural due process claim against Defendant Halloran; (6) denied the motion to dismiss Plaintiff's equal protection, procedural due process, and substantive due process claims against the County. ECF No. 50 at 13–14.

Regarding those claims which the Court dismissed without prejudice, the Court instructed Plaintiff that it would grant leave to amend "one final time." Id. at 7, 9, 11, 12. The Court further instructed Plaintiff that if he wished "to file an amended complaint in response to [the order

1 granting in part and denying in part Defendants' motion to dismiss], he must do so no later than 28
2 days from the date of [that] order." Id. at 14.

3     Plaintiff has neither filed a second amended complaint by the Court's deadline nor filed
4 anything else to explain his failure to do so. Accordingly, the Court dismisses with prejudice
5 those claims which the Court previously dismissed without prejudice in its July 27, 2015 Order.
6 See Bass v. Ostachuk, No. 11-cv-00524, 2013 WL 164480, at *4 (D. Haw. Jan. 14, 2013)
7 (dismissing with prejudice claims which were previously dismissed without prejudice after
8 Plaintiff failed to amend complaint within the deadline set by the court). Specifically, the Court
9 now dismisses with prejudice (1) Plaintiff's Fifth Amendment claim against all Defendants;
10 (2) Plaintiff's equal protection and substantive due process claims against the individual
11 defendants; and (3) Plaintiff's procedural due process claim against Defendants Cole and Locket.
12 As a result, Plaintiff's only remaining claims are his procedural due process claim against
13 Defendant Halloran and his equal protection, procedural due process, and substantive due process
14 claims against the County.

15     IT IS SO ORDERED.

16 Dated: October 15, 2015

                                         JON S. TIGAR
                                     United States District Judge